**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-5008

BILLY JOE BARKER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4469

BILLY JOE BARKER,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-97-79)

Submitted: February 23, 1999

Decided: May 18, 1999

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Steven

I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Billy Joe Barker was convicted by a jury of embezzling postal funds in violation of 18 U.S.C. § 1711 (1994). Barker's counsel has filed a brief pursuant to Anders v. California , 386 U.S. 738 (1967), alleging that the district court erred by: (1) failing to remove a juror from the venire after the juror disclosed that he had a prior felony conviction; (2) sustaining, over defense objection, the Government's challenge for cause of another venire member; (3) admitting evidence that Barker gambled and wrote bad checks at a local Moose Lodge; (4) allowing the Government to introduce Fed. R. Evid. 404(b) evidence without advance notice; (5) failing to give a requested jury instruction; and (6) improperly calculating Barker's sentence. Although advised of his right to do so, Barker did not file a pro se supplemental brief. Finding no error, we affirm.

Barker worked for the United States Postal Service for over twenty years. Beginning in 1993, he was assigned to administer stamp vending machines at the post office and a local mall. His duties included ordering stamps and stocking the machines, emptying the money out of the machines, and depositing the money in a Postal Service bank account. Routine audits in 1993 and 1994 revealed no discrepancies. However, during a 1997 audit, Postal Inspectors discovered a shortage of over $53,000 in the machines administered by Barker.

During jury selection, one of the jurors informed the court and both counsel that he had been convicted of a felony in 1958 and served sixteen months in prison. The juror assured the court that he could render

2

an impartial verdict, and, without objection from either party, the court allowed the juror to sit on the panel. Since Barker failed to object to the seating of the juror at trial, we review the district court's decision for plain error and find none. See United States v. Olano, 507 U.S. 725, 732-33 (1993); United States v. Brewer , 1 F.3d 1430, 1434-35 (4th Cir. 1993). Although convicted felons are statutorily excluded from jury service,[1] a criminal defendant does not have a corresponding constitutional right to have convicted felons absolutely barred from serving on his jury. See United States v. Boney, 977 F.2d 624, 633 (D.C. Cir. 1992); United States v. Uribe, 890 F.2d 554, 561 (1st Cir. 1989). The Sixth Amendment only requires that the jury be free from bias. See Boney, 977 F.2d at 633. In addition, 28 U.S.C. § 1867 (1994), which imposes strict procedural limitations, is the exclusive means by which parties may challenge the selection of jurors.[2] Since Barker did not comply with the requirements of § 1867(a), this issue was waived. Moreover, Barker fails to allege any prejudice from the service of the juror in question. See Uribe, 890 F.2d at 562 (seating of disqualified juror subject to harmless error analysis).

We likewise reject Barker's allegation that the district court erroneously sustained the Government's challenge of another juror for cause. We will set aside a district court's factual decision to sustain a challenge only for manifest error, and we find no such error here. See Patton v. Yount, 467 U.S. 1025, 1037 n.12 (1984). During questioning, the juror, who at one time had been indicted by a state grand jury, adamantly stated that he believed the grand jury system was flawed, archaic, and should be abolished. Although the juror stated that he could be impartial, the district court made the factual finding that, based on the juror's demeanor and answers to questions, he should be disqualified, and the record supports this decision.

We review the district court's evidentiary decisions for an abuse of discretion and find that the challenged evidence was properly admitted. See United States v. Aramony, 88 F.3d 1369, 1377-79 (4th Cir. 1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1842 (1997). The Government notified Barker prior to trial that it intended to introduce evi-

_____

1 See 28 U.S.C. § 1865 (1994).

2 See 28 U.S.C. § 1867(e) (1994).

3

dence of his gambling and writing bad checks at a local Moose Lodge, and the district court admitted the evidence over defense objection. We find that the district court correctly concluded that the evidence was admissible to show Barker's motive and intent and that it was not unfairly prejudicial. Moreover, the district court further reduced the danger of prejudice by giving cautionary instructions during the presentation of the evidence and prior to deliberations.

The Government also introduced evidence at trial that Barker left the lodge on one occasion owing a $295 gambling debt, which was paid by a lodge employee, and that he sometimes gambled with Susan B. Anthony dollars.[3] Barker did not object to the admission of this evidence at trial. On appeal, he alleges that the district court committed plain error because the Government did not provide advance notice that it would use this evidence. We disagree. The challenged evidence was simply further evidence of Barker's gambling activities at the lodge. Moreover, Barker fails to show that he was unfairly prejudiced by the admission of the evidence.

We review the district court's denial of Barker's requested jury instruction for an abuse of discretion and find none. See United States v. Stotts, 113 F.3d 493, 496 (4th Cir. 1997). The modified instruction given by the district court merely deleted a second reference to the defense's theory of the case. We find that the instruction the court gave adequately reflected the defense's position and fairly stated the controlling law. See United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir. 1990).

Finally, we find that the district court accurately determined Barker's offense level under the Guidelines.[4] We review the district court's factual findings for clear error. United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995). In the present case, we find that the record supports the district court's determination that Barker was responsible for over $40,000 in losses.[5] We reject Barker's claim that

_____

[3] The Government's theory at trial was that the Susan B. Anthony dollars were embezzled from the stamp vending machines because the machines accepted the coins.

[4] U.S. Sentencing Guidelines Manual (1997).

[5] The audit conducted by Postal Inspectors revealed a loss of over $53,000.

the district court erred by enhancing his base offense level for perjury pursuant to USSG § 3C1.1. The record shows that Barker repeatedly denied embezzling the money and tried to shift the blame to others. The district court properly applied the test for perjury set forth in United States v. Dunnigan, 507 U.S. 87, 92-94 (1993) (defining perjury as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory"); see also United States v. Keith, 42 F.3d 234, 240-41 (4th Cir. 1994) (applying Dunnigan ). The district court properly enhanced Barker's base offense level because his conduct involved more than minimal planning.[6] The record supports the district court's finding that, based on the amount of money embezzled and the small amount of money in the vending machines at any given time, Barker engaged in repeated acts of misconduct over a period of time.[7]

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Accordingly, we affirm Barker's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[6] See USSG § 2B1.1(b)(4)(A).

[7] See United States v. Marcum, 16 F.3d 599, 603 (4th Cir. 1994) (applying the definition of "more than minimal planning" found in USSG § 1B1.1, comment. (n.1(f))).

5